IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAW OFFICES OF ROSALIND R. RAY, PLLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: _____ |
| vs. | ) ) | |
| FEDERAL EXPRESS, and JOHN DOE, | ) ) ) | NOTICE OF REMOVAL |
| Defendants. | ) ) | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation, d/b/a FedEx Express ("FedEx"), erroneously sued herein as Federal Express, hereby files its Notice of Removal under 28 U.S.C. § 1441 to effect removal of this action, which was commenced in the Superior Court of the District of Columbia, Civil Division, under Civil Action No.: 08-0002862. Removal is proper for the following reasons:

1. On April 11, 2008, the Law Offices of Rosalind R. Ray, PLLC ("Plaintiff") commenced this action in the Superior Court of the District of Columbia, Civil Division, under Civil Action No.: 08-0002862.

2. FedEx's records indicate that thirty days since such commencement has not yet expired.

3. Moreover, the United States District Court for the District of Columbia has original jurisdiction over this action by reason and way of diversity of citizenship, 28 U.S.C. § 1332, and federal question, 28 U.S.C. § 1331.

4. First, the Plaintiff, according to its Complaint, is a professional limited liability corporation, which is located and doing business in the District of Columbia. FedEx is a

corporate entity, which is incorporated under the laws of the state of Delaware, and which has as its principal place of business, the state of Tennessee.

5. Second, according to the Plaintiff's Complaint, the amount in controversy in this action (three counts at $40,000.00 each), exceeds $75,000.00, exclusive of interest and costs.

6. Third, the claims asserted by the Plaintiff against FedEx (negligence, double billing and incorrect charging, and wrongful termination of account), each of which relate to FedEx's "prices, routes, or services," i.e. FedEx's interstate transportation and delivery services, and the liability of FedEx in relation to the same, if any at all, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier, such as FedEx.  Please see, *Nippon Fire & Marine Insurance Co., Ltd. vs. Skyway Freight Systems, Inc., et. al.*, 235 F.3d 53 (2nd Cir. 2000); *First Pennsylvania Bank, N.A. vs. Eastern Airlines, Inc.*, 731 F.2d 1113 (3rd Cir. 1984); *McCall-Thomas Engineering Co., Inc. vs. Federal Express Corporation*, 81 F.3d 28 (4th Cir. 1996); *Sam L. Majors Jewelers vs. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997); *Treiber & Straub, Inc., d/b/a Treiber & Straub Jewelers vs. United Parcel Service, Inc., et. al.*, 474 F.3d 379 (7th Cir. 2007); *Arkwright-Boston Mfrs. Mut. Ins. Co. vs. Great Western Airlines, Inc.*, 767 F.2d 425 (8th Cir. 1985); *Read-Rite Corporation, et. al. vs. Burlington Air Express, Ltd., et. al.*, 186 F.3d 1190 (9th Cir. 1999).

7. Indeed, the negligence, double billing and incorrect charging, and wrongful termination of account claims fall within the preemptive scope of the Airline Deregulation Act, 49 U.S.C. § 41713(b).

8. Attached hereto as Exhibit "A," is a true and correct copy of all pleadings and process filed in this action in the Superior Court of the District of Columbia, Civil Division, under Civil Action No.: 08-0002862.

9. A Notice of Filing of this Notice of Removal is being concurrently filed with the Superior Court of the District of Columbia, Civil Division.

WHEREFORE, FedEx prays that this civil action be removed to this Court from the Superior Court of the District of Columbia, Civil Division.

Dated: This, the 5th day of May, 2008.

Respectfully Submitted,

_____
JAMES E. FAGAN III, ESQ.
BAR NUMBER: 502006
VENABLE LLP
575 7TH STREET, NW
WASHINGTON, D.C. 20004
TELEPHONE: 202-344-8041
FACSIMILE: 202-344-8300

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
D/B/A FEDEX EXPRESS

## CERTIFICATE OF SERVICE

I, do hereby certify, that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid, this the 5th day of May, 2008, to:

Rosalind R. Ray, Esquire
Law Offices of Rosalind R. Ray, PLLC
6856 Eastern Avenue, NW #208
Washington, DC 20012

_____
JAMES E. FAGAN III, ESQ.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Law Offices of Rosalind R. Ray, PLLC | Federal Express, and John Doe |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF District of Columbia (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Shelby County TN (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Rosalind R. Ray, Esq. 6856 Eastern Ave NW #208 (202) 722-7282 Washington, D.C. 20012 | ATTORNEYS (IF KNOWN) James E. Fagan, III Venable LLP (202) 344 8041 575 7th Street, NW Washington, DC 20004 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property | Bankruptcy | Forfeiture/Penalty |  |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1332 Diversity - Breach of contract

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐
DEMAND $ $120,000.00
Check YES only if demanded in complaint
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 5/5/08    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Law Offices of          )
Rosalind R. Ray, PLLC   )
6856 Eastern Ave., NW, #208 )
Washington, DC  20012   )
                        )
    Plaintiff,          )
                        )        08-0002962
vs.                     )   Civil Action No._____
                        )
                        )
Federal Express         )
                        )
    and                 )
                        )
John Doe                )
Serve Registered Agent: )
                        )
CT Corporation Systems  )
1015 15th Street, NW, #1000 )
Washington, DC  20005   )
                        )
    Defendants.         )



016

COMPLAINT FOR NEGLIGENCE, DOUBLE BILLING, INCORRECT CHARGING, & WRONGFUL TERMINATION OF ACCOUNT

Comes now the Plaintiff, The Law Offices of Rosalind R. Ray, PLLC and represents to this Honorable Court as follows:

JURISDICTION

1. That this Court has jurisdiction pursuant to The Superior Court Rules and Procedures of the D.C. Code, 2001 Edition;

2. That Plaintiff The Law Offices of Rosalind R. Ray, PLLC is a Professional Limited Liability Corporation doing business in The District of Columbia;

3. That, to the best of our knowledge, Defendant Federal Express is a corporation doing business all over the world including the District of Columbia delivering packages;



Plaintiff deemed the cost to be too much.

WHEREFORE, Plaintiff prays as follows:

22. That the Court enters a judgment for compensatory and punitive damages in the amount of twenty thousand dollars ($20,000.00) are paid to Plaintiff by Defendants;

23. That Plaintiff is awarded counsel fees and costs of this action in the amount of Twenty Thousand Dollars ($20,000.00).

24. And for such other and further relief as to this Court may seem just and proper.

### (COUNT THREE - WRONGFUL TERMINATION OF FED EX ACCOUNT PRIVILEGES)

25. That the allegations contained in 1-24 are herein incorporated by reference;

26. That Defendant Federal Express had a duty to make sure that the charges they posted were accurate and Defendant had a duty to investigate and work with Plaintiff, who was actively speaking with Fed Ex, and a company who was a longtime customer with Fed Ex, to ascertain what the problem was and correct the problem.

27. That Defendant Federal Express failed to figure the problem out, lacked patience, and failed to get all documents from Plaintiff which support Plaintiff's claims of double billing, and inaccurate billing and ultimately, programmed the computer to deny any further account privileges for the Law Offices, despite the fact that the Law Office was making an ongoing good faith effort to resolve the problem and was a prompt payer.

WHEREFORE, Plaintiff prays as follows:

should only be charged one time and they should be charged for either a residence or a business properly.

18. That Defendant Federal Express failed to make sure that the charges were accurate on the first go round on more than one occasion (After the December incident, Plaintiff discovered that the Law Offices have been over-billed and double billed for over a year) and failed to discuss with Plaintiff when there was a discrepancy as to whether the package was going to a residence or a business.

19. That Defendant Federal Express's failure to make sure that Defendant John Doe was properly trained and was giving Plaintiff's the proper billing statement's for packages which were being sent out, so that Plaintiff's would not receive surprises after they received said original billing and particularly since Plaintiff would not at that point have an opportunity to have the very box which was now in dispute, to inspect and/or to get an understanding as to additional charges now being applied to Plaintiff's account by Defendant;

20. That Defendant erred when Defendant Federal Express negligently entrusted these duties with Defendant John Doe who is the direct and proximate cause of this double billing and incorrect billing continuously.

21. That Plaintiff was deprived of their rights as the very packages where the costs were changed was now out of their control and as a result of this negligence Defendant was expecting Plaintiff to pay for packages which they now could not take a second look at or have it weighed for a second time or just refused to have sent if

charges which were previously paid by the Law Offices;

10. That Defendant caused monetary damages and an inconvenience to Plaintiff, as Plaintiff has had to take time out of their daily schedule to contact Fed Ex/Kinko's concerning the inconsistencies and overcharging and double billing despite the fact that no one has taken the time to investigate or to correct the problem.

11. That Defendant's negligence and their actions are the direct and proximate cause of Plaintiff's charging privileges being taken away for Defendant's failure to investigate or correct their errors and their overcharging;

12. That Defendant's made no effort to resolve Plaintiff's issues for their double billing and their loss of charging privileges, which was due solely to the negligence of Defendants.

WHEREFORE, Plaintiff prays as follows:

13. That the Court enters a judgment for compensatory and punitive damages in the amount of Twenty Thousand dollars ($20,000.00) are paid to Plaintiff by Defendants;

14. That Plaintiff is awarded counsel fees and costs of this action in the amount of Twenty Thousand Dollars ($20,000.00);

15. And for such other and further relief as to this Court may seem just and proper.

(COUNT TWO - DOUBLE BILLING/INCORRECT CHARGING)

16. That the allegations contained in 1-15 are herein incorporated by reference;

17. That Defendant Federal Express had a duty to make sure that the charges they posted were accurate and that Plaintiff

COUNT ONE (NEGLIGENCE OF FEDERAL EXPRESS)

4. That the allegations contained in 1-3 are herein incorporated by reference;

5. That sometime around the end of December, 2007, Plaintiff sent several packages from the FedEx Kinko's located at 1407 East West Highway in Silver Spring to various states and additionally, some packages were picked up directly from the Law Office;

6. That said packages tracking numbers which can be supplied upon request, were weighed at Fed Ex/Kinko's and receipts were provided for the charges and/or charges were sent to the Law Office for the amounts due for the packages which were picked up;

7. That although fees for the packages were either given to the Law Offices at the Fed Ex/Kinko's counter on the dates which the packages were sent or charges were sent via a federal express bill for those picked up, ultimately, another bill was sent out to the Law Offices for the very same packages, without the Law Offices having knowledge or the opportunity to know how these charges were reconstructed and/or added to the original charges and in some cases, charges were changed to residential despite the fact that the addressee was a business;

8. That Defendant had a duty to at least contact the Law Offices with their changes and/or modifications with explanation and certainly should have made requests to speak with the office manager and given the Law Office an opportunity to inquire as to what and why these changes were taking place;

9. That Defendant breached that duty by failing to make any effort to explain why they arbitrarily re-sent out bills for

28. That the Court enters a judgment for compensatory and punitive damages in the amount of twenty thousand dollars ($20,000.00) are paid to Plaintiff by Defendants;

29. That Plaintiff is awarded counsel fees and costs of this action in the amount of Twenty Thousand Dollars ($20,000.00).

30. And for such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

Rosalind R. Ray, Esq. #457514
Law Offices of Rosalind R. Ray, PLLC
6856 Eastern Ave., N.W., #208
Washington, DC 20012
202-722-7282
Counsel for Plaintiff

JURY TRIAL REQUESTED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_ROSALIND R. RAY_____
Plaintiff

v.

_FEDERAL FITNESS, ET AL_____
Defendant

Civil Action No. 08 0775

MAY - 6 2008

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge ___BATES, J. JDB_____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_____
Deputy Clerk

cc: ROSALIND RAY

929A
Rev. 7/02