IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAW OFFICES OF ROSALIND R. RAY, PLLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.:1-08-CV-0775 (JGB) ) |
| FEDERAL EXPRESS, and JOHN DOE, | ) FEDEX'S ANSWER ) & AFFIRMATIVE ) DEFENSES TO ) COMPLAINT |
| Defendants. | ) |

Federal Express Corporation, d/b/a FedEx Express ("FedEx"), erroneously sued herein as Federal Express, by counsel submits its Answer and Affirmative Defenses to the Complaint, as follows:

### JURISDICTION

1. FedEx denies the allegations contained in paragraph 1 of the Complaint, stating affirmatively that the United States District Court for the District of Columbia has original jurisdiction over this action.

2. FedEx admits, upon information and belief, the allegations contained in paragraph 2 of the Complaint.

3. FedEx admits that it is a corporate entity, which is incorporated under the laws of the state of Delaware, and which has as its principal place of business, the state of Tennessee. FedEx denies, however, the other and remaining allegations contained in paragraph 3 of the Complaint, demanding strict proof thereof.

### COUNT ONE - NEGLIGENCE OF FEDERAL EXPRESS

4. In responding to paragraph 4 of the Complaint, FedEx re-alleges, repeats, and incorporates its responses above, as if fully set forth herein.

5. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 5 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

6. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 6 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

7. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 7 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

8. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 8 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

9. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 9 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

10. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 10 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

11. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 11 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

12. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 12 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

13. FedEx denies the allegations contained in paragraph 13 of the Complaint, demanding strict proof thereof.

14. FedEx denies the allegations contained in paragraph 14 of the Complaint, demanding strict proof thereof.

15. FedEx denies the allegations contained in paragraph 15 of the Complaint, demanding strict proof thereof.

**COUNT TWO – DOUBLE BILLING/INCORRECT CHARGING**

16. In responding to Paragraph 16, FedEx re-alleges, repeats, and incorporates its responses above, as if fully set forth herein.

17. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 17 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

18. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 18 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

19. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 19 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

20. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 20 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

21. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 21 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

22. FedEx denies the allegations contained in paragraph 22 of the Complaint, demanding strict proof thereof.

23. FedEx denies the allegations contained in paragraph 23 of the Complaint, demanding strict proof thereof.

24. FedEx denies the allegations contained in paragraph 24 of the Complaint, demanding strict proof thereof.

**COUNT THREE – WRONGFUL TERMINATION OF FEDEX ACCOUNT PRIVILEGES**

25. In responding to Paragraph 25, FedEx re-alleges, repeats, and incorporates its responses above, as if fully set forth herein.

26. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 26 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

27. Because the Plaintiff did not provide any identifiable information or documentation relating to or in support of the vague allegations contained in paragraph 27 of the Complaint, FedEx is without knowledge or information sufficient to form a belief as to the truth or the accuracy of the allegations contained therein, and therefore, it denies the same, demanding strict proof thereof.

28. FedEx denies the allegations contained in paragraph 28 of the Complaint, demanding strict proof thereof.

29. FedEx denies the allegations contained in paragraph 29 of the Complaint, demanding strict proof thereof.

30. FedEx denies the allegations contained in paragraph 30 of the Complaint, demanding strict proof thereof.

**ALL ALLEGATIONS IN THE COMPLAINT NOT HERETOFORE ADMITTED, ARE DENIED.**

### AFFIRMATIVE DEFENSES

AND NOW, having responded to the Complaint paragraph by paragraph, FedEx states by way of Affirmative Defenses, as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim or cause of action against FedEx upon which any relief can or could be granted. It should, therefore, be immediately dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's state law claims as alleged and purported causes of action in particular, are preempted by federal common law applicable to federally certificated air carriers such as FedEx, and by the Airline Deregulation Act, 49 U.S.C. § 41713. They should, therefore, be immediately dismissed.

### THIRD AFFIRMATIVE DEFENSE

Alternatively, the Plaintiff's state law claims as alleged and purported causes of action in particular, are preempted by federal law, including *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. They should, therefore, be immediately dismissed.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by agreement pursuant to the applicable interstate contracts of carriage evidenced by the language in and on the waybills accompanying the shipments, and the terms and conditions of the applicable FedEx Service Guides and/or Tariffs incorporated therein.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by its own actions, breaches of contract, and/or omissions, or the actions, breaches of contract, and/or omissions of its agents, employees, or representatives.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged and purported causes of action in the aggregate, are barred and/or are limited by its own assumption of risk, or the assumption of risk by its agents, employees, or representatives.

## SEVENTH AFFIRMATIVE DEFENSE

FedEx asserts affirmatively that there may be other necessary persons and/or entities which have not yet been named and/or served in this action, which may be at fault in relation to the matters referred to in this action, and accordingly, that such fault may be a proximate cause and/or the sole proximate cause of the Plaintiff's alleged damages, if any at all.

## EIGHTH AFFIRMATIVE DEFENSE

FedEx reserves herein unto itself, the right to assert, and option of asserting, additional Affirmative Defenses as necessitated by any additional facts and/or information adduced and/or provided hereafter in this action.

WHEREFORE, Federal Express Corporation, d/b/a FedEx Express, respectfully requests that the Complaint filed herein against it, be dismissed in its entirety, with full and complete prejudice, forever, and that it be awarded its costs, fees, and expenses.

Dated: This the 9th day of May, 2008.

Respectfully Submitted,

_/s/ James E. Fagan III, Esquire_
JAMES E. FAGAN III, ESQ.
BAR NUMBER: 502006
VENABLE LLP
575 7TH STREET, NW
WASHINGTON, D.C. 20004
TELEPHONE: 202-344-8041
FACSIMILE: 202-344-8300
jefagan@venable.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
D/B/A FEDEX EXPRESS

## **CERTIFICATE OF SERVICE**

I, do hereby certify, that a true and correct copy of the foregoing document was filed via ECF and sent via U.S. Mail, postage prepaid, this the 9th day of May, 2008, to:

>Rosalind R. Ray, Esquire
>Law Offices of Rosalind R. Ray, PLLC
>6856 Eastern Avenue, NW #208
>Washington, DC 20012


>_____/s/ James E. Fagan III, Esquire_____
>JAMES E. FAGAN III, ESQ.

727883