IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAW OFFICES OF ROSALIND R. RAY, PLLC** | . |
| | . |
| | . |
| **Plaintiffs,** | . |
| v. | :Civil Action No. 08-0775 |
| **FEDERAL EXPRESS** | . |
| **and JOHN DOE** | . |
| **Defendants.** | . |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL**

Comes now the Plaintiff, The Law Offices of Rosalind R. Ray, PLLC [Law Offices] by and through counsel and for the reasons stated in Plaintiff's Opposition to Defendant's Notice of Removal, hereby oppose the removal to The District Court and moves this Honorable Court to Transfer Plaintiff's case back to The D.C. Superior Court. In support of this opposition, the Plaintiffs submit the attached Memorandum of Points and Authorities and proposed order.

        Respectfully submitted,
        *Rosalind R. Ray, Esquire*
        _____
        Rosalind R. Ray, Esquire
        Law Offices of Rosalind R. Ray, PLLC
        6856 Eastern Avenue, NW, Suite 208
        Washington, DC  20012
        202-722-7282

        **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of Plaintiff's Opposition to Defendant's Notice of Removal in the above captioned matter has been served on this date, by facsimile transmission and first class pre-paid mail delivery, on the Defendants at the following address:

James E. Fagan, III, Esq.
Venable LLP
575 7th Street, NW
Washington, DC  20004
(via Regular First Class Mail Delivery and facsimile)
**Attorney for Defendant Corporation Federal Express Corporation d/b/a FedEx Express**

*Rosalind R. Ray, Esq.*
_____
Rosalind R. Ray, Esq.

**Date:  May 9, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LAW OFFICES OF ROSALIND R. RAY, PLLC** .
.
.
**Plaintiffs,**

v.                                                      :Civil Action No. 08-0775
**FEDERAL EXPRESS**                                     .
**and JOHN DOE**                                        .

**Defendants.**                                         .

## MEMORANDUM TO SUPPORT PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL

### I. FACTS

1. A complaint was filed by Plaintiffs in the Superior Court of the District of Columbia on or about April 11, 2008;

2. On May 7, 2008 Plaintiffs received a copy of a "Notice to Remove" from opposing counsel on behalf of Defendants with a civil cover sheet changing the cause of action to Diversity-Breach of Contract **unilaterally**, categorizing the case wrongfully as a federal and/or constitutionally governed case while keeping the monetary amount for the claim the same.

3. On May 7, 2008 Plaintiffs also received a copy of a notice from the Deputy Clerk of the United States District Court indicating that the Plaintiff's case which was originally filed in the Superior Court of the District of Columbia was removed to the United States District Court for the District of Columbia and assigned to Judge Bates;

4. This case was removed to the District Court without proper investigation and without merit as if this court were the court of original jurisdiction and as if there were Federal Questions pending.

## I.  PRELIMINARY STATEMENT

This **is not** a case with issues surrounding federal questions and/or based upon the constitution.

### STANDARD ON NOTICE OF REMOVAL

**Title 28** – Judiciary and Judicial Procedure; Part IV – Jurisdiction and Venue; Chapter 89 – District Courts, Removal of Cases from State Courts; Section 1441.  "Actions Removable Generally" states under (a) "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.  For the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

In light of the above-mentioned standard, the Plaintiff's Complaint clearly was filed in the venue of original jurisdiction.  Defendant's can not create their very own cause of action while standing in the shoes of the Defendant's in this matter.  Plaintiff's filed a civil action with causes of action which are not classified as Federal and require no Constitutional and/or Federal rule evaluation.

Contrary to Defendant's argument, the Plaintiffs' claims are not Federal, are not barred from being heard by the State Court and do not fail to allege proper civil claims.  Defendant's wrongdoings do not fall under the Constitution or Federal law, as their counsel has attempted to allege.

### ARGUMENT

**I.     THE DEFENDANT'S NOTICE TO REMOVE DOES NOT CONFORM WITH THE RULE (Title 28; Section 1441) "ACTIONS REMOVABLE GENERALLY"**

The Defendant's Notice to remove does not conform to the Rule "Actions Removable Generally". Plaintiffs' claims arise from acts committed by Federal Express Corporation d/b/a FedEx Express, which occurred in the District of Columbia giving D.C. Superior Court original jurisdiction over this matter and giving Defendants no rights whatsoever to have case removed to the Federal Court of the District of Columbia.

The Defendants improperly and unintelligibly argue that this case should be removed to the Federal Court claiming original jurisdiction over this action due to diversity of citizenship under 28 U.S.C. Section 1332 and federal question under 28 U.S.C. Section 1331. This is absolutely incorrect, as neither of these sections applies to this case. First of all, diversity of citizenship is questionable as Federal Express Corporation is registered as a foreign corporation in the District of Columbia.

Further, Section 1441 of Title 28 states "(b)Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties". Well, this is not an action founded on a claim or right arising under the Constitution, treaties or laws of the United States.

Fed Ex is a privately owned company. Fed Ex created their own rules and regulations regarding pricing, billing etc. and to the best of our knowledge and belief these privately governed rules are not regulated by the constitution, treaties or laws of the United States.

Plaintiffs are not forbidden to file a complaint on the basis of double billing, negligence, wrongful termination of account in the Superior Court of the District of Columbia, particularly since all of these civil claims are just that civil. We disagree with Defendant's stretch of the law. If a tort related cause of action is filed within the statue of limitations, the Plaintiff is not barred

from their day in court, particularly when Defendants attempt to deceive the court by creating a new cause of action (i.e. breach of contract) and attempting to make Plaintiffs' claims constitutional are not justified. We disagree with their theories.

The claims by Plaintiff and the rights they have acquired by doing business with Federal Express are not constitutional rights. Federal Express is a private company. As long as Plaintiffs have not made claims that they have been discriminated against due to race, religion, sex or any other cause of action which falls under federal law, there is no basis for Defendants to claim this case is based upon the constitution or federal laws.

Black's Law Dictionary describes "Constitutional as consistent with the constitution. Authorized by the Constitution" (Black's Law Dictionary). Black's also defines a Treaty clause as "The provision in the U.S. Constitution, Art. II, Sec. 2, which gives to the President the power "by and with the consent of the Senate, to make treaties, provided two thirds of the Senators present concur". What a stretch. This attempt by Defendants is preposterous. Nothing that Federal Express is claiming as it pertains to Federal law/constitutional law makes sense.

For these reasons, Defendant's Notice to remove should not have been granted and this case should be returned to the Superior Court of the District of Columbia.

## II. THE PLAINTIFFS CLAIM FOR $120,000.00 DOES NOT EXCEED THE JURISDICTIONAL LIMIT OF THE D.C. SUPERIOR COURT.

The Superior Court of the District of Columbia has the authority to rule on matters which exceed $75,000.00. The jurisdiction in this matter lies with the Superior Court as the cause of action arose from incidents which occurred in the District of Columbia.

## III. PLAINTIFF'S CLAIMS ARE NOT FEDERAL QUESTIONS

Contrary to Defendants attempt to remove this case under Title 28; Section 1331, this is not a case evolving around federal questions. Each of Plaintiff's charges evolves from regular

everyday business inefficiencies. Section 1331 clearly states "The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States". This is not relevant in this instance. The claims are clearly civil claims which can be properly adjudicated in The Superior Court of the District of Columbia.

## CONCLUSION

This case was transferred to the United States District Court for the District of Columbia wrongfully. An examination of the complaint will reveal that none of the claims made by Plaintiff are constitutional and/or federal. Plaintiff's complaint for negligence, double billing, incorrect charging and wrongful termination of account were filed in the proper court. These are civil claims. Further Defendant has not shown diversity. Plaintiff has met all of the rules and regulations of the Superior Court of the District of Columbia and Defendants have no authority to determine where Plaintiff's should file their claim, if Plaintiffs have met the requirements to do so in the Superior Court.

Further, Defendant's attempt to categorize Plaintiff's claim under federal common law and the airline deregulation act is inaccurate. Moreover, Defendant's wrongfully filed the notice to remove this case changing the cause of action to suit them, i.e. Diversity - Breach of Contract. Plaintiff's complaint clearly spells out their causes of action and under the fairness of the law and the rules which are governed by the Superior Court; Defendant has absolutely no legal right to have this case removed or to re-name the cause of action. Therefore, Plaintiffs respectfully request that this court issue an order denying the Defendant's Notice to Remove, and award legal fees and just costs and actual expenses for this portion of the claim and any other costs that the court deems appropriate.

Respectfully submitted,

*Rosalind R. Ray, Esq.*
_____
Rosalind R. Ray, Esq.
Law Offices of Rosalind R. Ray, PLLC
6856 Eastern Avenue, NW, Suite 208
Washington, DC  20012
202-722-7282
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's Memorandum to support Plaintiff's Opposition to Defendant's Notice to Remove in the above captioned matter have been served on this date, by facsimile transmission and Regular Pre paid Mail Delivery, on the Defendants at the following addresses:

James E. Fagan, III, Esq.
Venable LLP
575 7th Street, NW
Washington, DC 20004
(via Regular First Class Mail Delivery and facsimile)
**Attorney for Defendant Corporation Federal Express Corporation d/b/a FedEx Express**

*Rosalind R. Ray*
_____
Rosalind R. Ray, Esq.

**Date:  May 9, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LAW OFFICES OF ROSALIND R. RAY, PLLC** .
    .
    .
    **Plaintiffs,**

    v.         :Civil Action No. 08-0775

**FEDERAL EXPRESS**    .
**and JOHN DOE**
    .

    **Defendants.**    .

**ORDER**

Upon consideration of the Plaintiff's Opposition to Defendant's Notice of Removal according to the Rules of this Court, the authorities cited, and the record herein, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia, ordered that said opposition is **GRANTED** and this case should be returned to the Superior Court of The District of Columbia, Civil Division immediately.

 

                                                          _____
                                                          The Honorable Judge Bates

Copies to:    Civil Clerk
                Superior Court of
                The District of Columbia
                500 Indiana Avenue, NW
                Washington, DC  20001

                James E. Fagan, III, Esq.
                Attorney for Defendants
                Venable LLP
                575 7th Street, NW
                Washington, DC  20004