# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAw OFFICES OF ROSALIND R. RAY, PLLC, ) ) ) Plaintiff, ) ) vs. ) ) FEDERAL EXPRESS ) and JOHN DOE, ) ) Defendants. ) | Case No.: 08-0775-JDB<br><br>FEDEX'S RESPONSE TO PLAINTIFF'S OPPOSITION TO FEDEX'S NOTICE OF REMOVAL |

Federal Express Corporation, d/b/a FedEx Express ("FedEx"), responds to the Plaintiff's Opposition to FedEx's Notice of Removal as follows:

## I. BACKGROUND AND UNDISPUTED FACTS

1. The Law Offices of Rosalind R. Ray, PLLC ("Plaintiff"), has sued FedEx and John Doe, a fictitious defendant, in relation to FedEx's "prices (rates), routes, or services," i.e. FedEx's interstate transportation and delivery services. [1], [2]

2. According to its Complaint, the Plaintiff is a professional limited liability corporation – both located and doing business in the District of Columbia. [3], [4]

3. FedEx, however, is a corporate entity - incorporated under the laws of the State of Delaware, which has as its principal place of business, the State of Tennessee. [5]

4. The citizenship of John Doe, a fictitious defendant, is unknown.

5. Moreover, the amount in controversy in this action (three counts at $40,000.00 each), exceeds $75,000.00, exclusive of interest and costs. [6], [7]

---

[1] Complaint, generally.
[2] Plaintiff's Opposition Memorandum, Page 5, last two paragraphs.
[3] Complaint, Paragraph 2.
[4] Complaint, Attorney Signature Page, with Washington, D.C. physical address for the Plaintiff.
[5] FedEx's Answer, Paragraph 3.
[6] Complaint, Paragraphs 13, 14, 22, 23, 28 and 29.

## II. ARGUMENTS

**A. THIS ACTION WAS PROPERLY REMOVED BY VIRTUE AND WAY OF 28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP.**

**B. THIS ACTION WAS PROPERLY REMOVED BY VIRTUE AND WAY OF 28 U.S.C. § 1331 – FEDERAL QUESTION.**

### A. THIS ACTION WAS PROPERLY REMOVED BY VIRTUE AND WAY OF 28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP.

According to 28 U.S.C. § 1332(a), the District Courts shall have **original jurisdiction** over all civil actions where the matter in controversy exceeds the sum or value of $ 75,000.00, exclusive of interest and costs, and is between citizens of different States. [8] (Emphasis added.) And for purposes of this section (and 28 U.S.C. § 1441), a corporation shall be deemed to be a citizen of any State by which it has been **incorporated,** and of the State where it has its **principal place of business**. [9] (Emphasis added.)

As set forth above, the Plaintiff has plead herein that it is a professional limited liability corporation – both located and doing business in the **District of Columbia**. [10], [11] FedEx has plead herein, however, that it is **incorporated** under the laws of the State of **Delaware,** and further, that it has as its **principal place of business**, the State of **Tennessee**. [12] Thus, complete diversity exists. [13]

---

[7] Plaintiff's Opposition Memorandum, Paragraph II, Page 6.
[8] 28 U.S.C. § 1332(a).
[9] 28 U.S.C. § 1332(c).
[10] Complaint, Paragraph 2.
[11] Complaint, Attorney Signature Page, with Washington, D.C. physical address for the Plaintiff.
[12] FedEx's Answer, Paragraph 3.
[13] According to 28 U.S.C. § 1332(a), for purposes of removal under 28 U.S.C. § 1441, the citizenship of defendants sued under fictitious names like "John Doe" *shall be disregarded.*

Likewise, as also set forth above, the Plaintiff is seeking damages in this action that exceed $75,000.00, exclusive of interest and costs. Indeed, the Plaintiff has asserted three counts at $40,000.00 each, equaling $120,000.00. [14], [15]

Accordingly, removal of this action was both appropriate and proper under 28 U.S.C. § 1332 because: 1. complete diversity exists; and, 2. the amount in controversy – per the Plaintiff – exceeds $75,000.00, exclusive of interest and costs.

**B.     THIS ACTION WAS PROPERLY REMOVED BY VIRTUE AND WAY OF 28 U.S.C. § 1331 – FEDERAL QUESTION.**

In this case, the claims asserted by the Plaintiff against FedEx (negligence, double billing and incorrect charging, and wrongful termination of account), each of which relate to FedEx's "prices (rates), routes, or services," i.e. FedEx's interstate transportation and delivery services, and the liability of FedEx in relation to the same, if any at all, are governed by principles of **federal common law** applicable to shipments made in interstate commerce by a federally certified air carrier, like FedEx. (Emphasis added.) Please see, *Nippon Fire & Marine Insurance Co., Ltd. vs. Skyway Freight Systems, Inc., et. al.*, 235 F.3d 53 (2nd Cir. 2000); *First Pennsylvania Bank, N.A. vs. Eastern Airlines, Inc.*, 731 F.2d 1113 (3rd Cir. 1984); *McCall-Thomas Engineering Co., Inc. vs. Federal Express Corporation*, 81 F.3d 28 (4th Cir. 1996); *Sam L. Majors Jewelers vs. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997); *Treiber & Straub, Inc., d/b/a Treiber & Straub Jewelers vs. United Parcel Service, Inc., et. al.*, 474 F.3d 379 (7th Cir. 2007); *Arkwright-Boston Mfrs. Mut. Ins. Co. vs. Great Western Airlines, Inc.*, 767 F.2d 425 (8th Cir. 1985); *Read-Rite Corporation, et. al. vs. Burlington Air Express, Ltd., et. al.*, 186 F.3d 1190 (9th Cir. 1999). Indeed, they arise under federal common law. *Nippon Fire & Marine Insurance Co., Ltd.*, 235 F.3d at 59, citing *Sam L. Majors Jewelers*

---

[14] Complaint, Paragraphs 13, 14, 22, 23, 28 and 29.

(above) and *Illinois vs. City of Milwaukee*, 406 U.S. 91 (1972). (Emphasis added.) And as such, federal jurisdiction over this case is properly based on 28 U.S.C. § 1331, which grants District Courts **original jurisdiction** over all civil actions arising under the laws of the United States. *Id.* (Emphasis added.)

Moreover, the Airline Deregulation Act – 28 U.S.C. § 41713, which precludes States, Political Subdivisions, and Political Authorities from **enacting and enforcing** laws, regulations, or other provisions having the force and effect of law related to a price (rate), route, or service of an air carrier like FedEx, actually **preempts** the Plaintiff's state law enforcement claims herein of negligence, double billing and incorrect charging, and wrongful termination of account. (Emphasis added.) Indeed, the Supreme Court has repeatedly emphasized the breadth of the ADA's preemption provision. *Air Transport Association of America, Inc. vs. Andrew Cuomo, et. al.*, 520 F.3d 218 (2nd Cir. 2008), citing *American Airlines, Inc. vs. Wolens*, 513 U.S. 219 (1995); *Morales vs. Trans World Airlines, Inc.*, 504 U.S. 374 (1992); and *Rowe vs. New Hampshire Motor Transport Association, et. al.*, 128 S. Ct. 989 (2008).

Accordingly, removal of this action was both appropriate and proper under 28 U.S.C. § 1331 because the Plaintiff's claims herein: 1. arise under; and, 2. are governed by federal law – not state law. To-wit, to the extent the Plaintiff's claims herein seek to enforce state law regulation of and over FedEx's prices (rates), routes, or services – they are preempted.

### III. CONCLUSION

As detailed separately above, this action was appropriately and properly removed pursuant to both 28 U.S.C. § 1332 – Diversity of Citizenship and 28 U.S.C. § 1331 –

---

[15] Plaintiff's Opposition Memorandum, Paragraph II, Page 6.

Federal Question.  Meaning, there is, respectfully, no merit to the Plaintiff's opposition. It should, therefore, be immediately denied and dismissed.

Dated: This, the 19th day of May, 2008.

Respectfully Submitted,

VENABLE LLP

s/James E. Fagan III
JAMES E. FAGAN III, ESQ.
BAR NUMBER:  502006
575 7TH STREET, NW
WASHINGTON, D.C. 20004
TELEPHONE: 202-344-8041
FACSIMILE: 202-344-8300
jefagan@venable.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
D/B/A FEDEX EXPRESS

## **CERTIFICATE** OF SERVICE

I, do hereby certify, that a true and correct copy of the foregoing document was filed via ECF and sent via U.S. Mail, postage prepaid, this the 19th day of May, 2008, to:

> Rosalind R. Ray, Esquire
> Law Offices of Rosalind R. Ray, PLLC
> 6856 Eastern Avenue, NW #208
> Washington, DC 20012

                                                                          s/James E. Fagan, III
                                                                          JAMES E. FAGAN III, ESQ.