IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAW OFFICES OF ROSALIND R. RAY, PLLC, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 08-0775-JDB<br>) |
| vs. | )<br>) |
| FEDERAL EXPRESS, et al. | )<br>) |
| Defendants. | ) |

### Rule 16.3 Report of the Parties

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), counsel for the parties in this matter have conferred and hereby provide the following joint report to the Court. Plaintiff originally brought this action in the Superior Court for the District of Columbia alleging negligence, improper billing and wrongful termination of account. Defendants removed the action based upon both diversity and federal question. Defendants have answered the Complaint.

1. Defendants submit that this matter should be disposed of by dispositive motion following fairly limited discovery. The Plaintiff's position is that the matter should be settled among the parties.

2. The parties have agreed that all additional parties, if any, should be named and/or other amendments to the pleadings without leave of the court, if any, should be filed no later than 30 days after issuance of the Court's scheduling order. Specifically, the Plaintiff shall have until 30 days after issuance of the Court's scheduling order to identify any individuals presently named as a "John Doe" Defendants.

3. The case should not be assigned to a Magistrate Judge at this time.

4. The parties have discussed settlement. The parties will be better able to evaluate prospects for settlement after further factual discovery.

5. The Defendants do not believe that ADR would be beneficial. The Plaintiff does believe ADR would be beneficial.

6. Motions for summary judgment, if any, should be filed within thirty (30) days after the completion of all discovery, including expert discovery.

7. Rule 26(a)(1) disclosures should be made within fifteen (15) days after entry of the Scheduling Order.

8. The parties believe that thirty (30) interrogatories per side and five (5) depositions per side should be sufficient. The cutoff date for interrogatories, document requests, third party discovery, requests for admissions, and depositions (other than discovery related to experts) should occur one hundred and twenty (120) days after entry of the Scheduling Order. This date is referred to herein as the "initial discovery cutoff date." Defendants believe that a protective order covering certain financial information and related matters that may be disclosed by Defendants will be required.

9. Plaintiff should designate its experts, if any, and provide the information required by Rule 26(a)(2), within 30 days after the initial discovery cutoff date. Defendants should designate their experts, if any, and provide the information required by Rule 26(a)(2) within 30 days thereafter. Additional discovery, limited to expert witnesses and the related disclosures, should be allowed for up to 30 days after close of the period for the designation of rebuttal experts.

10. The class action provisions of Local Rule 16.3 are not applicable.

11. The parties do not believe that any bifurcation or other specialized scheduling management is required.

12.  The Pre-Trial Conference should be scheduled for thirty (30) days after the court rules on any dispositive motions.

13.  A trial date should be set at the Pre-Trial Conference.

          Respectfully Submitted,

          VENABLE LLP


          s/ James E. Fagan, III
          James E. Fagan, III, Esq.
          Bar No. 502006
          575 7th Street, NW
          Washington, D.C.. 20004
          Telephone: 202-344-8041
          Facsimile: 202-344-8300
          jefagan@venable.com

          *Attorney for Defendant*
          *Federal Express Corporation, d/b/a*
          *FedEx Express*


          s/ Rosalind R. Ray
          Rosalind R. Ray, Esq.
          Bar No. 457514
          Law Office of Rosalind R. Ray, PLLC
          6856 Eastern Ave., N.W., #208
          Washington, D.C. 20012
          Telephone: 202-722-7283
          Rozray160@cs.com

          *Attorney for Plaintiff*
          *Law Office of Rosalind R. Ray, PLLC*